UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| WENQIAN WANG,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | No. 5:26-cv-04790-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**PROCEEDINGS**

On August 21, 2026, Wenqian Wang ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus challenging her detention by immigration authorities on due process grounds, seeking immediate release. Dkt. 1 ("Petition" or "Pet."). The Petition is electronically signed by Petitioner's counsel. Pet. at 11. On August 28, 2026, Respondents filed an Answer to the Petition. Dkt. 7 ("Ans."). On August 31, 2026, Petitioner filed a Reply. Dkt. 8. The matter is now fully briefed.

For the reasons discussed below, the Petition is denied.

/ / /

## II.
## BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. Pet. ¶ 1. She alleges that she was admitted to the United States on a B-1/B-2 visa on January 15, 2026. Id. ¶ 18; Dkt. 7 at 7 (CM/ECF pagination). Her visa expired on July 14, 2026. Id. Petitioner filed an application for asylum on July 7, 2026, which remains pending. Id.; Pet., ¶ 18.

Petitioner alleges that on or about August 11, 2026, she was arrested by U.S. Immigration and Customs Enforcement ("ICE") when she appeared for her biometrics appointment, without a warrant, advance notice, or an opportunity to contest her detention before being taken into custody. Pet. ¶¶ 20-21, 27. She was placed in removal proceedings, which remain pending. Id. ¶¶ 23-24. She does not indicate whether she requested a bond hearing. Respondents confirm that Petitioner was detained at an ICE ACS facility on August 11, 2026, and taken into custody. Ans. at 2. Respondents concede that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, ---F.4th ---, 2026 WL 2196424 (9th Cir. 2026)." Ans. at 2. Respondents argue that, as Petitioner has not requested such a bond hearing, she has failed to exhaust her administrative remedies. Ans. at 3.

## III.
## DISCUSSION

A petitioner seeking habeas relief must demonstrate that she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas

challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove [her] custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (as amended). Petitioner has failed to carry her burden to prove that her current custody violates her federal rights such that she is entitled to immediate release.

## A. Procedural Due Process Claim

Petitioner contends her procedural due process rights were violated by her detention without advance notice, a pre-deprivation hearing, or a meaningful opportunity to contest the basis for her detention. Pet. ¶ 29. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

Petitioner contends she had a constitutionally protected liberty interest in remaining free from confinement based on her admission on a valid visa, pending asylum application, and the community ties she established since her admission. Pet. ¶¶ 31-32, 34. However, at the time of her detention on August

11, 2026, she had overstayed her visa by more than three weeks and was advised at the time of her arrest that she was being detained for overstaying her visa. Even assuming a cognizable liberty interest existed, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that a prompt post-detention bond hearing, where she is afforded the opportunity to challenge her detention, is inadequate to safeguard that liberty interest and mitigate the risk of erroneous deprivation. Her reliance on other district court decisions ordering release based on the facts in those cases (see, e.g., Reply at 3) is unpersuasive on the facts here and the Court does not follow such non-binding precedent here. Petitioner has been detained for less than a month, concedes she was advised of the basis for her detention at the time of her detention, was provided a Notice to Appear, Form I-862, at the time and thus was further advised of the basis for the removal proceedings in writing, and has had an opportunity to request a custody redetermination or bond hearing since her detention, but has not requested one, and nothing prevents her from requesting one.

Based on the foregoing, Petitioner has not shown her procedural due process rights were violated such that she is entitled to immediate release—the only relief she seeks by way of the Petition.

**B. Substantive Due Process Claim**

Petitioner further contends that Respondents have identified no circumstances demonstrating that physical confinement is necessary to serve a legitimate governmental purpose. Pet. ¶ 46. As to this claim, the Court agrees with Respondents that Petitioner has failed to exhaust her administrative remedies.

The parties do not appear to dispute that Petitioner is detained under 8 U.S.C. § 1226(a). When the United States commences removal proceedings

against a noncitizen, the noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Although the Department of Homeland Security ("DHS") makes the initial custody determination, noncitizens subject to Section 1226(a) can request bond hearings before an immigration judge and further review with the Board of Immigration Appeals. Rodriguez Vazquez v. Bostock, -- F.4th --, 2026 WL 2196424, at *5 (9th Cir. July 30, 2026). "A [Section] 1226(a) detainee will be released on bond if [she] demonstrates by a preponderance of the evidence that [she] is not a flight risk or a danger to the community." Id.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d

at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Prudential exhaustion applies here. Petitioner asserts multiple arguments as to why her detention is not reasonably related to any legitimate purpose, but there has been no opportunity for the application of agency expertise in relation to a bond request. Petitioner, who is currently represented by counsel, presents no evidence that these factual issues cannot be addressed and corrected in the context of a bond hearing. Petitioner raises factual issues that can and should be developed and weighed by an immigration judge in the first instance. Further, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates bond determinations by immigration judges, not the district court, in the first instance. Here, the only reason why an immigration judge has not made a merits determination for purposes of deciding whether to grant bond is Petitioner's apparent failure to request a hearing. In addition, the outcome of such a bond hearing by an immigration judge may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Petitioner has not shown exhaustion should be waived here. She argues that her Due Process Clause challenge "lies outside the immigration judge's authority." Reply at 2 (citations omitted). However, for the reasons set forth above, the Court has rejected Petitioner's procedural due process claim. As to substantive due process, an immigration judge is well equipped to determine whether a noncitizen detainee is a flight risk or danger to the community. As noted, the administrative scheme contemplates bond hearings before immigration judges. Petitioner has not shown that exhaustion of her

administrative remedies would be futile as to her substantive due process claim.

Finally, to the extent Petitioner claims she will suffer irreparable harm by remaining detained while she pursues a bond hearing (Reply 2), such argument is unpersuasive, particularly given that she does not deny she could have, but has never requested, a bond hearing before an immigration judge and does not seek one in this Court, which typically orders bond hearings to be held within seven days. Any delay in the holding of a bond hearing at this point is due to Petitioner's own failure to request such a hearing.

Accordingly, Petitioner has not shown waiver of the exhaustion requirement is warranted here. See Kim v. Mullin, 2026 WL 948347, at *4 (W.D. Wash. Apr. 8, 2026) (dismissing petition where petitioner never requested a bond redetermination hearing); Chavez v. Immigr. & Customs Enf't Field Off. Dir., 2024 WL 1661159, at 3 (W.D. Wash. Jan. 25, 2024) (denying request for court-ordered bond hearing for failure to exhaust where petitioner withdrew and never renewed a request for a bond redetermination hearing), adopted by 2024 WL 1658973 (W.D. Wash. Apr. 17, 2024).

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition (a) with prejudice as to Count One; and (b) without prejudice as to Count Two..

Dated: September 1, 2026 __

JOHN D. EARLY
United States Magistrate Judge